UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| KELLY SMITH,<br><br>        Plaintiff,<br><br>v.<br><br>CORELOGIC BACKGROUND DATA, LLC,<br>f/k/a CORELOGIC NATIONAL<br>BACKGROUND DATA, LLC,<br><br>        Defendant. | Case No. 2:18-cv-01895-KJM-AC<br><br>**ORDER GRANTING TRANSFER OF VENUE TO UNITED STATES DISTRICT COURT OF COLORADO**<br><br>Judge: Hon. Kimberly J. Mueller<br>Complaint Filed: May 30, 2018<br>Trial Date: Not Set |

| | |
|---|---|
| 1 | Under 28 U.S.C. § 1404(a), the court "may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Because the "convenience of the parties and witnesses," and the "interest of justice" must be considered, *id.*, three elements are required for transfer: (1) venue must be proper in the district considering transfer, (2) the receiving district must be one where the action might have been brought, and (3) transfer must convenience the parties, witnesses and promote the interest of justice, *Tung Tai Group v. Fla. Transformer, Inc.*, 5:11-cv-02389 EJD (HRL), 2011 WL 3471400, at *1 (N.D. Cal. Aug. 8, 2011) (citing *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992)). |

Under 28 U.S.C. § 1404(a), the court "may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Because the "convenience of the parties and witnesses," and the "interest of justice" must be considered, *id.*, three elements are required for transfer: (1) venue must be proper in the district considering transfer, (2) the receiving district must be one where the action might have been brought, and (3) transfer must convenience the parties, witnesses and promote the interest of justice, *Tung Tai Group v. Fla. Transformer, Inc.*, 5:11-cv-02389 EJD (HRL), 2011 WL 3471400, at *1 (N.D. Cal. Aug. 8, 2011) (citing *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992)).

Having considered each of the above elements, and the parties' stipulation, the court determines that transfer is appropriate. Venue is proper in the Eastern District of California because the state court from which this matter was removed is located in this district. 28 U.S.C. 1441(a); *see* ECF No. 1 at 1. The receiving district, the District of Colorado, is also an appropriate venue because the records at issue were furnished through Colorado-based company ADP, therefore a "substantial part of the events . . . giving rise to the claim occurred" in the receiving district. 28 U.S.C. 1391(b)(2); *see* ECF No. 4 at 8, Def.'s Mot. to Dismiss ("Mot.") at 2. And, finally, transferring venue will most convenience the parties and further the interest of justice because the weight of the underlying events is more closely connected to the District of Colorado than to the Eastern District of California. Mot. at 1–3, 7–8.

Therefore, good cause appearing, it is hereby ordered that this action be transferred from the United States District Court for the Eastern District of California, Sacramento Division, to the United States District Court of Colorado. The court further orders the Clerk for the Eastern District of California, Sacramento Division, to forward all filings in this Action to the United States District Court of Colorado. In light of this order, defendant's Motion to Dismiss (ECF No. 4) is denied as moot, and the September 19, 2018 motion hearing and status conference are vacated.

///

///

1 | IT IS SO ORDERED.
2 | DATED: September 12, 2018.

_____
UNITED STATES DISTRICT JUDGE