COPY

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*


FILED/ENDORSED
MAY 30 2018
By: J. Mora
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SACRAMENTO
## UNLIMITED JURISDICTION

| | |
|---|---|
| KELLY SMITH, | CASE NO.: 34-2018-00233872 |
| PLAINTIFF, | COMPLAINT |
| -vs- | 1. Violation of the Fair Credit Reporting Act |
| | 2. Violation of California Consumer Credit Reporting Agencies Act |
| CORELOGIC BACKGROUND DATA, LLC, f/k/a CORELOGIC NATIONAL BACKGROUND DATA, LLC, | 3. Libel |
| Defendant. | (Amount to Exceed $25,000) |

BY FAX

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "FCRA") the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25 (a) (hereinafter "CA CCRA"), both of which regulate the collection, dissemination, and use of consumer information, including consumer credit information. Plaintiff additionally alleges that Defendant defamed him by transmitting false and injurious statements to third parties..

## II. PARTIES

2. Plaintiff, KELLY SMITH ("PLAINTIFF"), is a natural person residing in Sacramento County, and is a "consumer" as defined by 15 U.S.C. §1681a.

3. At all relevant times herein, Defendant CORELOGIC BACKGROUND DATA, LLC, f/k/a CORELOGIC NATIONAL BACKGROUND DATA, LLC (hereinafter "CoreLogic" or "Defendant") regularly provided information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA and CCRA. At all relevant times, Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

4. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

## III. FACTUAL ALLEGATIONS

5. Defendant sells criminal and employment-purposed background checks on a wholesale basis. Consumers, such as Plaintiff, never receive notice that Defendant is providing such background checks to prospective employers.

6. Defendant is a "consumer reporting agency" as defined in 15 U.S.C. § 1681(f) because it is engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties.

7. At various and multiple times prior to the filing of the instant complaint, including within the two years preceding the filing of this complaint, Defendant produced and furnished a consumer report containing derogatory and inaccurate information about Plaintiff.

8. Plaintiff has no criminal record of any kind.

9. Defendant, however, furnished consumers reports that showed Plaintiff as having several felonies and as being a sex offender. Defendant furnished these reports to prospective employers that Plaintiff had applied to, and for which he alleges that he was denied employment as a result of Defendant's wildly inaccurate and derogatory furnishing.

10. Defendant failed to follow reasonable procedures to assure that its reports regarding Plaintiff were accurate and did not include inaccurate information was a substantial factor in the reject of Plaintiff's application to multiple positions and other related actual harm he

suffered. As a result of Defendant's consumer reports, Plaintiff was unable to secure employment for an extended period of time.

11. Additionally, Defendant failed to follow reasonable procedures to assure that the reports it furnished were as accurate as maximally possible, as evidenced by the inaccurate information reported about Plaintiff.

12. Additionally, Defendant never provided to Plaintiff any information pertaining to its furnishing of inaccurate consumer reports that falsely reported him as committing multiple felonies and as a sex offender such that he was unable to discover that Defendant had been furnishing the derogatory reports at the time.

13. Despite providing consumer reports for employment purposes that contained public record information likely to have an adverse affect upon Plaintiff's ability to obtain or maintain employment, Defendant failed to provide notice "at the time" of the public record information being furnished together with the name and address of the person it was being furnished to.

14. Defendant knew or should have known about its legal obligations to comply with FCRA and CCRA. Similarly, Defendant knew or should have known that the information it furnished in its consumer reports for Plaintiff was false.

15. Plaintiff has been damaged, and continues to be damaged, in the following ways:
   a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and
   b. Loss of potential employment.

16. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

18. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above,

and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

19. As a result of the above violations of the FCRA and CCRA and as a result of Defendant's defamatory statements, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF THE FAIR CREDIT REPORTING ACT

20. Plaintiff reincorporate by reference all of the preceding paragraphs.

21. Pursuant to 15 U.S.C. § 1681(k)(1), Defendant was required to provide Plaintiff notice when it disseminated information for employment purposes which contained matters of public record that was likely to have an adverse effect upon Plaintiff's ability to obtain employment. Defendant never provided such notice to Plaintiff despite furnishing such reports.

22. Additionally, Defendant failed to maintain procedures to ensure that this information which would have an adverse effect upon Plaintiff's ability to obtain employment was accurate as required by 15 U.S.C. §1681(k)(2).

23. Defendant failed to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of a consumer report as required by 15 U.S.C. § 1681e(b) as evidenced by Defendant's reporting of completely erroneous and incredibly derogatory information about Plaintiff.

24. After discovering Defendant's derogatory reporting, Plaintiff submitted a dispute of the information reported by Defendant on or about January 2018. Defendant has failed to conduct a reasonable investigation and to correct the inaccurate information as required under 15 U.S.C. § 1681l(i).

25. For each negligent violation of the FCRA as detailed above, Defendant is liable to Plaintiff for damages pursuant to 15 U.S.C. § 1681o, including actual damages and attorney's fees.

26. For each willful and wanton violation of the FCRA as detailed above, Defendant is liable to Plaintiff for actual damages, punitive damages, and attorney's fees.

27. To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

    A.    Actual damages;
    B.    Statutory and punitive damages for willful violations;
    C.    Costs and reasonable attorney's fees; and,
    D.    For such other and further relief as may be just and proper.

**COUNT II: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

28. Plaintiff incorporates by reference all of the proceeding paragraphs.

29. Defendant failed to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of a consumer report as required by California Civil Code § 1785.14(b) as evidenced by Defendant's reporting of completely erroneous and incredibly derogatory information about Plaintiff.

30. After discovering Defendant's derogatory reporting, Plaintiff submitted a dispute of the information reported by Defendant on or about January 2018. Defendant has failed to conduct a reasonable investigation and to correct the inaccurate information as required under Cal. Civ. C. § 1785.16.

31. Pursuant to Cal. Civ. C. §1785.17(b), Defendant was required to provide Plaintiff notice when it disseminated information for employment purposes which contained matters of public record that was likely to have an adverse effect upon Plaintiff's ability to obtain employment. Defendant never provided such notice to Plaintiff despite furnishing such reports.

32. For each and every violation of Cal. Civ. C. § 1785, Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Actual damages;
(b) Statutory damages;
(c) Costs and reasonable attorney's fees;
(d) An injunction to stop Defendant's reporting and practices;
(e) For such other and further relief as the Court may deem just and proper.

## COUNT III: LIBEL

33. Plaintiff incorporates by reference all of the proceeding paragraphs.

34. Defendant made statements by providing consumer credit reports to third-party potential employers of Plaintiff. The statements in the form of the consumer credit reports were reasonably understand to be about Plaintiff.

35. Defendant made statements that Plaintiff was a sex offender with multiple felonies which injured Plaintiff in his occupation and exposed him to hatred, contempt, ridicule, and shame and discouraged others from associating and dealing with Plaintiff.

36. These statements were false, and Defendant failed to use reasonable care to determine the truth or falsity of the statements it published about Plaintiff.

37. Plaintiff suffered harm to his person and reputation, and the statements made by Defendant were a substantial factor in causing Plaintiff's harm.

38. Defendant knew, should have known, or should have had serious doubts about the truth of the statements it made about Plaintiff and acted with malice, oppression, or fraud in making them.

39. Plaintiff suffered severe emotional distress, harm to his reputation, and was unable to secure employment as a result of Defendant's conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Actual damages;
(b) Punitive damages;
(c) For such other and further relief as the Court may deem just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 30th Day of May, 2018

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

COMPLAINT